**Bruce E. Disenhouse (SBN 078760)**
Bruce@DisenhouseLaw.net
DISENHOUSE LAW APC
3833 Tenth Street
Riverside, California 92501
T: 951-530-3710
F: 951-543-4239

Attorneys for Defendants COUNTY OF RIVERSIDE, DEPUTY ROBERTO LOZA, DEPUTY LISA D. LOYA, DEPUTY SHAWN E. GRIFFITHS, DEPUTY DAVID ALDRICH erroneously sued herein as David Aldrich, DEPUTY MATTHEW ALLERT erroneously sued herein as Matthew Allert

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MARK FINGER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, DEPUTY LAZLO and DOES 1 through 10, Inclusive,<br><br>Defendants, | CASE NO.: 5:15-cv-01395 JGB (SPx)<br><br>*(Case 14-cv-01585 JGB (KK) consolidated herein)* Hon. Judge Jesus G. Bernal<br><br>JUDGMENT |

This matter came on regularly for trial on May 29, 2018, in Courtroom 2 of the above-entitled court before the Honorable Jesus G. Bernal, Judge Presiding.

Pratik Shah and Gregory Peacock appeared on behalf of Plaintiff Stephen Finger. Bruce E. Disenhouse appeared on behalf of Defendants County of Riverside, Deputy Roberto Loza, Deputy Lisa D. Loya, Deputy Shawn E. Griffiths, Deputy David Aldrich, and Deputy Matthew Allert.

A jury panel was duly empaneled and sworn on May 29, 2018. Witnesses were sworn and examined, and documentary evidence was received.

Following instruction and final argument, the jury began its deliberation on June 5, 2018, and duly returned to Court with their verdict the same day as follows:

WE THE JURY in the above-entitled case show our Special Verdict as follows:

**Question Number 1**:

Did Defendants David Aldrich and/or Matthew Allert violate Plaintiff Stephen Finger's Fourth Amendment right to be free from an unreasonable seizure of his person when he was arrested on November 1, 2011?

Answer:

David Aldrich: Yes __ No ✓

Matthew Alert: Yes __ No ✓

Go to Question Number 2.

**Question Number 2**:

Did Defendants David Aldrich and/or Matthew Allert violate Plaintiff Stephen Finger's First Amendment right to petition the government for redress of grievances/right to freedom of speech when he was arrested on November 1, 2011?

Answer:

Matthew Allert: Yes __ No ✓

David Aldrich: Yes __ No ✓

If you answered "Yes" as to either Defendants David Aldrich or Matthew Allert on either of Questions Number 1 or 2, answer Question Number 3. If you answered "No" as to Defendants David Aldrich and Matthew Allert on both Questions Number 1 and 2, proceed to Question 4.

**Question Number 3**:

State the amount of damages suffered by Plaintiff Stephen Finger that were caused by the violation of his Fourth and/or First Amendment right to petition the government for redress of grievances/right to freedom of speech:

$_____

Go to Question Number 4.

//

**Question Number 4**:

Did either of Defendants David Aldrich and/or Matthew Allert violate Plaintiff Stephen Finger's Fourth Amendment right to be free from malicious prosecution?

Answer:

Matthew Allert: Yes __ No ✓

David Aldrich: Yes __ No ✓

If you answered "Yes" as to either Defendants David Aldrich or Matthew Allert go on to Question Number 5. If you answered "No" as to both Defendants David Aldrich and Matthew Allert, proceed to Question 6.

**Question Number 5**:

State the amount of damages suffered by Plaintiff Stephen Finger that were caused by the violation of his Fourth Amendment right to be free from malicious prosecution: $_____

Go to Question Number 6.

**Question Number 6**:

For any Defendant for whom you answered "Yes" in response to Question Numbers 1, 2 or 4, did any such Defendant act maliciously or in reckless disregard of Plaintiff Stephen Finger's Constitutional rights? If you have answered "No" to all those questions as to each defendant, do not answer this question and have your foreperson sign and date this verdict form.

Answer:

David Aldrich: Yes __ No ___

Matthew Allert: Yes __ No ___

Have your foreperson sign this verdict form.

Dated: 6/5/18

/s/
_____
JURY FOREPERSON

Prior to the jury reaching their verdict, the Court, having considered the FRCP Rule 50 motion made by Defendant Roberto Loza, found that, while Deputy Loza's conduct violated the Fourth Amendment rights of Plaintiff Stephen Finger, the state of the law relating to a police officer's legal right to utilize as a basis for an investigative detention anonymous tip information was unclear, thus entitling Loza to qualified immunity from suit herein.

WHEREFORE, BY REASON OF THE AFORESAID, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff Stephen Mark Finger shall take nothing by reason of his Complaints on file herein, that Defendants shall have judgment against Plaintiff, that the Complaints shall be and hereby are dismissed with prejudice, and Defendants shall be entitled to their statutory costs of suit pursuant to a timely filed Bill of Costs pursuant to FRCP Rule 54(d)(1) and Local Rule 54.

Date: September 28, 2018

U.S. DISTRICT COURT JUDGE